| PROB 12B (Rev. 08/03/11) | **SUPERVISION REPORT** REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER (Probation Form 49, Waiver of Hearing is Attached) | | | **U. S. Probation Office** Eastern District of Michigan | DATE 08/08/2013 |
|---|---|---|---|---|---|
| NAME LANGSTON, Blair | | PACTS 31807 | | JUDGE Avern Cohn | DOCKET # 08-CR-20505-01 |
| SENTENCE DATE 03/07/2011 | SUPERVISION TYPE Supervised Release COMMENCED 05/02/2013 | CRIMINAL HISTORY CATEGORY VI | TOTAL OFFENSE LEVEL 20 | PHOTO | |
| REPORT PURPOSE **JUDICIAL RESPONSE REQUESTED** | | | | | |
| RECOMMENDATION **MODIFICATION** | | | | | |
| ORIGINAL OFFENSE Count 1: 18 U.S.C. § 1343, Wire Fraud | | | | | |

**SENTENCE DISPOSITION**

Custody of the Bureau of Prisons for a term of 51 months followed by a three-year term of supervised release. The defendant shall be given credit from the time of his arrest starting August 06, 2009. The term of imprisonment shall run concurrently with the state sentence (Case No. 09-021583-FH) the defendant is presently serving.

Amended Sentence: 06/17/2011
Custody of the Bureau of Prisons for a term of 51 months followed by a three-year term of supervised release. The defendant shall be given credit from the time of his arrest starting August 06, 2009. The term of imprisonment shall run concurrently with the state sentence (Case No. 09-021583-FH) the defendant is presently serving.

**SPECIAL CONDITIONS**

1) The defendant shall make monthly payments on any remaining balance of the restitution at a rate and schedule recommended by the probation department and approved by the Court.
2) The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.
3) The defendant shall provide the probation officer access to any requested financial information.
4) The defendant shall participate in a program approved by the probation department for substance abuse which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol. If necessary.

   Criminal Monetary Penalties:   $100.00 special assessment (balance $100.00) and $491,798.42, restitution (balance $491,798.42).

| PROB 12B<br>(Rev.<br>08/03/11) | **SUPERVISION REPORT**<br>REQUEST FOR MODIFYING THE CONDITIONS<br>OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER<br>(Probation Form 49, Waiver of Hearing is Attached) | **U. S. Probation Office**<br>Eastern District of Michigan | DATE<br>08/08/2013 |
|---|---|---|---|
| NAME<br>LANGSTON, Blair | PACTS<br>31807 | JUDGE<br>Avern Cohn | DOCKET #<br>08-CR-20505-01 |

### PETITIONING THE COURT
**To modify the conditions of supervised release as follows:**

"The defendant shall participate in the Radio Frequency technology of the Location Monitoring Program for 90 consecutive days and abide by all the requirements of the program. The defendant is restricted to his residence at all times, with the exception of: employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or, other activities as approved in advance by the probation officer. As directed by the Court, the defendant shall pay all or part of the cost of the program based upon their ability to pay."

### CAUSE

On March 7, 2013, LANGSTON reported employment with Chastang Enterprises, located at 2000 Town Center, Suite 1900, Southfield, Michigan, to the CTC-West Residential Re-Entry Center (RRC) where he was housed until May 2, 2013. On June 18, 2013, this officer attempted an employment visit at Chastang Enterprises and found it did not exist at that location. LANGSTON provided telephone numbers to attempt to verify the employment existed and claimed there was an office at the location.

On June 18, 2013, LANGSTON eventually admitted the employer, who actually was a friend of his, made up the employment and never paid him for any services. He further admitted to giving fraudulent paystubs to the Bureau of Prisons so he could leave the Residential Reentry Center every day. LANGSTON signed the Waiver of Hearing to Modify Conditions of Supervised Release after he consulted with Jill Leslie Price, of the Federal Defender's Office (FDO). She supported the probation department's recommendation for location monitoring with a tether. On July 3, 2013, this officer, LANGSTON and FDO Price met to assure LANGSTON understood the restrictions of being under electronic monitoring.

If your Honor agrees with this recommendation, please indicate below and return this correspondence to the probation department. If your Honor does not agree, please indicate below and direct the probation department as to how the Court wishes to proceed.

Should your Honor have any question or concerns, this writer may be reached at the number below.

| PROBATION OFFICER<br>s/Julie M. Grewe/lat<br>313-234-5415 | DISTRIBUTION<br>Court |
|---|---|
| SUPERVISING PROBATION OFFICER<br>s/Howard L. Jacobs<br>734-741-2076 | PROBATION ROUTING<br>Data Entry |

| PROB 12B (Rev. 08/03/11) | **SUPERVISION REPORT** REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER (Probation Form 49, Waiver of Hearing is Attached) | **U. S. Probation Office** Eastern District of Michigan | DATE 08/08/2013 |
|---|---|---|---|
| NAME LANGSTON, Blair | PACTS 31807 | JUDGE Avern Cohn | DOCKET # 08-CR-20505-01 |

**THE COURT ORDERS:**

[ x ] Modification as Noted Above

[ ] Other

           s/Avern Cohn
           United States District Judge

           August 27, 2013
           Date

PROB 49
(3/89)

# United States District Court

Eastern District of Michigan

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

☒ I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing ~~and to assistance of counsel~~. I also agree to the following modification of my Conditions of Supervised Release. ~~or to the proposed extension of my term of supervision:~~

The defendant shall participate in the Radio Frequency technology of the Location Monitoring Program for 90 consecutive days and abide by all the requirements of the program. The defendant is restricted to his residence at all times, with the exception of: employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or, other activities as approved in advance by the probation officer. As directed by the Court, the defendant shall pay all or part of the cost of the program based upon their ability to pay.

Witness _____   Signed _____

7-11-13